68553. COLONIAL PENN INSURANCE COMPANY
v. REISMAN et al.

BANKE, Presiding Judge.

The appellees sued the appellant to recover optional Personal Injury Protection (i.e., "no-fault") benefits allegedly due under the theory set forth in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). The insurer appeals an order granting the appellees' motion for summary judgment and denying its own motion for summary judgment on the issue of coverage.

The policy in question took effect on November 16, 1977. The policy application form, which was delivered to the named insured by mail, did not contain a separate signature space on which to indicate acceptance or rejection of no-fault benefits, as required by former Code Ann. § 56-3404b (b) (former OCGA § 33-34-5 (b)), but instead contained only one signature line for the entire application. Accompanying the application form, however, was a "No-fault Brochure" which contained a separate form for use in purchasing optional coverage. The named insured did not return this additional form with his application. The insurer contends that if the application did not meet the requirements of former OCGA § 33-34-5 (b), then the named insured must nevertheless be deemed to have rejected the optional coverage pursuant to OCGA § 33-34-5 (c), as a result of his failure to return this separate optional coverage form. *Held*:

1. As the application form did not contain a separate signature space to indicate acceptance or rejection of optional no-fault coverage, it did not satisfy the requirements of former OCGA § 33-34-5 (b) as construed in *Flewellen v. Atlanta Cas. Co.*, supra at 711. Consequently, the policy must be deemed to have provided $50,000 in no-

fault benefits from its inception, conditioned upon the named insured's tender of the additional premium due. Id. at 712. The insurer's contention that such a construction of the statute violates its constitutional rights to equal protection and due process of law is without merit. See *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739 (2) (309 SE2d 799) (1983).

2. Former OCGA § 33-34-5 (c) (Ga. L. 1975, p. 3, § 1) was applicable to "all named insureds in *existing* motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this chapter . . ." (Emphasis supplied.) Since the named insured in this case was not an existing policyholder at the time the "No-fault Brochure" was mailed to him, his failure to respond to it within 30 days cannot be considered a rejection of the optional coverages within the meaning of the statute. Compare *Intl. Indemnity Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841) (1984). The Supreme Court's recent decision in *St. Paul Fire & Marine Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984), does not constitute authority for a contrary conclusion. The issue there was whether the application form provided by the insurer was in substantial compliance with the statute. We do not base our holding here on a conclusion that the information contained in the "No-fault Brochure" was insufficient to constitute a valid offer of optional no-fault coverage under the terms of OCGA § 33-34-5 (c) but on a conclusion that subsection (c) was inapplicable to the transaction at the time the material was provided.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 9, 1984 —

*Thomas S. Carlock, R. Clay Porter*, for appellant.
*Harold Karp, Barry A. Karp*, for appellees.